UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SECRETARY OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>Defendants. | No. 2:24-cv-03761-DC-SCR<br><br><br>ORDER TO SHOW CAUSE |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Defendant filed a Motion to Dismiss (ECF No. 5), and Plaintiff failed to file an opposition. Pursuant to Local Rule 230 this matter was submitted without oral argument. ECF No. 6. The Court hereby directs Plaintiff to show cause why the motion should not be granted, and the action dismissed on the basis of sovereign immunity.

**I.   Procedural History and Background**

Plaintiff filed this action on November 28, 2023, in Sacramento County Superior Court. ECF No. 1-1 at 2. Plaintiff named as Defendants the U.S. Secretary of Housing and Urban Development ("HUD") and MTC Financial Inc. ("MTC"). *Id.* Plaintiff stated that he sought to enjoin a foreclosure and obtain an accounting. *Id.* Plaintiff alleges he had been living at his father's residence for three years and was unaware there was a mortgage on the property when he received

1

a notice of default and foreclosure sale on October 12, 2023. *Id.* at 5. Plaintiff alleged HUD violated state law by failing to contact him prior to filing a notice of default, and not providing a 90-day period before recording a notice of sale. *Id*. at 6. Plaintiff sought injunctive relief stopping the foreclosure process and $5,000 in compensatory damages. *Id*.

HUD removed the action to this Court on December 30, 2024, pursuant to 28 U.S.C. § 1442(a)(1). ECF No. 1 at 2. HUD then filed a motion to dismiss on January 3, 2025. ECF No. 5. Pursuant to Local Rule 230(c) an opposition was due within 14 days. On February 6, 2025, this Court issued an Order which advised Plaintiff of the local rule and sua sponte granted Plaintiff an additional 10 days to respond. ECF No. 6. The Order further cautioned that failure to respond may be construed as non-opposition to the motion. *Id.* Plaintiff did not respond.

## II.    Defendant's Motion to Dismiss (ECF No. 5)

Defendant HUD moves to dismiss and argues that the action can be dismissed on four independent grounds: 1) sovereign immunity; 2) the Court lacks subject matter jurisdiction over contract-based claims under the Tucker Act, 28 U.S.C. § 1491(a)(1) & (3); 3) Plaintiff fails to state a claim; and 4) federal preemption bars Plaintiff's state law claims. ECF No. 5-1 at 2. The Motion states that the foreclosure sale took place on November 30, 2023, and HUD was the highest bidder at $356,503. *Id.* at 3.

As a preliminary matter, Plaintiff has failed to file an opposition to the motion. Local Rule 230 provides that any opposition must be filed within 14 days, and "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." LR 230(c). Plaintiff's opposition was originally due on January 17, 2025. Pro se litigants are subject to the same procedural requirements as other litigants. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). On February 6, 2025, the Court sua sponte granted Plaintiff an additional 10 days to file an opposition, but no opposition was filed. The failure to comply with Local Rule 230 alone could merit dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

On the question of sovereign immunity, HUD is a United States government agency and "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."

2

*Dunn v. HUD*, 2024 WL 200995 at *3 (E.D. Cal. Jan. 18, 2024), citing *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). In *Nason v. HUD*, 2025 WL 785205 (9th Cir. March 12, 2025), the plaintiff brought an action seeking to set aside HUD's foreclosure sale and the Ninth Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction. The magistrate judge in *Nason* had stated: "Because Plaintiff has failed to identify any basis for finding a waiver of sovereign immunity it is recommended the Court dismiss her breach of contract claim for lack of jurisdiction." *Nason v. HUD*, 2023 WL 2898689 at *4 (W.D. Wash. Jan. 20, 2023). The Court acknowledges that various federal statutes provide limited waivers of sovereign immunity as to claims against HUD, for example 42 U.S.C. § 1404a. However, Plaintiff did not plead any waiver of sovereign immunity and did not respond to the motion to dismiss. *See Dunn*, 2024 WL 200995 at *3 ("No waiver has been pleaded in this case. HUD is therefore entitled to sovereign immunity and subject to dismissal."); see also *Vickerman v. HUD*, 2010 WL 2291897 at *2 (D. Nev. June 1, 2010) ("As Plaintiff has failed to cite to any statute or other authority authorizing his claims against HUD, the court will grant HUD's motion to dismiss.").

### III. Conclusion

IT IS HEREBY ORDERED that **Plaintiff shall show cause, in writing, within 14 days of the entry of this Order**, as to why the Court should not grant the motion to dismiss based on Plaintiff's failure to respond to the motion to dismiss and based on sovereign immunity. Plaintiff's response should address how he could amend to plead a waiver of sovereign immunity. If Plaintiff fails to respond, the court will recommend dismissal of this case. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

DATED: April 30, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE