1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH HILL,                              No. 2:24-cv-03761-DC-SCR

12                 Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   U.S. SECRETARY OF HOUSING AND
     URBAN DEVELOPMENT, et al.,
15
                 Defendants.
16

17

18        Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant

19   to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Defendant filed a Motion to Dismiss (ECF

20   No. 5), but Plaintiff failed to file an opposition. Additionally, Plaintiff failed to respond to the

21   Court's Order to Show Cause, and has not updated his address. The Court now recommends that

22   the action be dismissed based on Plaintiff's lack of compliance with the Local Rules and failure

23   to prosecute.

24        **I.      Procedural History and Background**

25        Plaintiff filed this action on November 28, 2023, in Sacramento County Superior Court.

26   ECF No. 1-1 at 2. Plaintiff named as Defendants the U.S. Secretary of Housing and Urban

27   Development ("HUD") and MTC Financial Inc. ("MTC"). *Id.* Plaintiff stated that he sought to

28   enjoin a foreclosure and obtain an accounting. *Id.* Plaintiff alleges he had been living at his father's

                                              1

residence for three years and was unaware there was a mortgage on the property when he received a notice of default and foreclosure sale on October 12, 2023. *Id.* at 5. Plaintiff alleged HUD violated state law by failing to contact him prior to filing a notice of default, and by failing to allow a 90-day period before recording a notice of sale. *Id*. at 6. Plaintiff sought injunctive relief to stop the foreclosure process and $5,000 in compensatory damages. *Id.*

HUD removed the action to this Court on December 30, 2024, pursuant to 28 U.S.C. § 1442(a)(1). ECF No. 1 at 2. HUD then filed a motion to dismiss on January 3, 2025. ECF No. 5. Pursuant to Local Rule 230(c) an opposition was due within 14 days. On February 6, 2025, this Court issued an order advising Plaintiff of that local rule and granting Plaintiff an additional ten days to respond. ECF No. 6. The order further cautioned that failure to respond may be construed as non-opposition to the motion. *Id.* Plaintiff did not respond.

On May 1, 2025, this Court issued an Order to Show Cause ("OSC") which directed Plaintiff to respond in writing within 14 days. ECF No. 8. The OSC further cautioned that if Plaintiff failed to respond, the Court would recommend dismissal. *Id.* at 3.

## II.    Analysis

The Court now recommends dismissal based on Plaintiff's failure to respond to the motion to dismiss and failure to prosecute this action. Plaintiff did not file an opposition to the motion, and "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." LR 230(c). Plaintiff's opposition was originally due on January 17, 2025. Pro se litigants are subject to the same procedural requirements as other litigants. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). On February 6, 2025, the Court sua sponte granted Plaintiff an additional ten days to file an opposition, but no opposition was filed. The Court then allowed Plaintiff a final opportunity to respond when it issued the OSC. The OSC was returned as undeliverable, indicating that Plaintiff failed to update his mailing address as required by Local Rule 183(b). *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to dismiss

a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

### 1. Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed over a year and a half ago in state court. Plaintiff has apparently taken no action in the case in the six months since it was removed to federal court. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

### 2. Court's need to manage its docket

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket since December 2024. The Court has issued multiple orders directing Plaintiff to respond to the motion to dismiss. ECF Nos. 6 & 8. This factor weighs in favor of dismissal.

### 3. Risk of prejudice to defendants

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Although the risk of prejudice to defendants at this juncture is minimal, the matter cannot proceed to trial without Plaintiff's participation and Plaintiff has not participated since the matter was removed and has ignored court orders.

### 4. Availability of less drastic alternatives

The Court has considered the availability of less drastic alternatives. The Court finds less

3

1  drastic alternatives are not available, in part because Plaintiff has failed to update his mailing

2  address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("we can imagine no less drastic

3  sanction that was available" other than dismissal without prejudice where the litigant had failed to

4  update his address and any further order to show cause or order imposing sanctions "would only

5  find itself taking a round trip tour through the United States mail").  The most severe approach

6  would be to dismiss the action with prejudice, however the alternative of dismissal without

7  prejudice is appropriate.  *See also* Local Rule 183(b) ("if such plaintiff fails to notify the Court

8  and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss

9  the action without prejudice for failure to prosecute").  This factor weighs in favor of dismissal.

10      **5.  Public policy favoring disposition of cases on the merits**

11      "Public policy favors disposition of cases on the merits."  *Pagtalunan*, 291 F.3d at 643.

12  This factor generally always weighs against dismissal, and some cases have stated it "strongly

13  counsels against dismissal."  *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab.*

14  *Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006).  However, "this factor 'lends little support' to a party

15  whose responsibility it is to move a case toward disposition on the merits but whose conduct

16  impedes progress in that direction."  *Id.*  The Court finds this factor weighs against dismissal.

17      **III.   Conclusion**

18      The Court has considered Defendant's Motion to Dismiss and Plaintiff's failure to oppose

19  the motion or respond to the Court's OSC.  Plaintiff has additionally violated Local Rule 183 by

20  not updating his address.  The Court has further considered the history of the litigation, including

21  Plaintiff's apparent failure to take any action in the litigation since it was removed to federal

22  court.  The Court finds upon consideration of the *Ferdik* factors that dismissal of the action

23  without prejudice is appropriate.

24      Accordingly, **IT IS HEREBY RECOMMENDED** that:

25  1.  The action be dismissed without prejudice for failure to prosecute;

26  2.  Defendant's motion to dismiss (ECF No. 7) be DENIED AS MOOT; and

27  3.  The Clerk enter judgment and close this file.

28  These findings and recommendations will be submitted to the United States District Judge

4

1    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

2    after being served with these findings and recommendations, either party may file written

3    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

4    Findings and Recommendations."  The parties are advised that failure to file objections within the

5    specified time may result in waiver of the right to appeal the district court's order.  *Martinez v.*

6    *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

7    DATED: June 20, 2025

8

9                                        SEAN C. RIORDAN
                                         UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28